UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA CAPO, a single woman,<br><br>              Plaintiff,<br><br>   v.<br><br>PORT ANGELES SCHOOL DIST. NO. 121, et al.,<br><br>              Defendants. | CASE NO. C07-5685BHS<br><br>ORDER UPHOLDING THE DECISION OF THE HEARING OFFICER |

This matter comes before the Court on Plaintiff's Petition for Review. The Court proceeds pursuant to RCW 28A.405.340, RCW 28A.405.350 and RCW 49.48.030. After review and consideration of Plaintiff's memorandum of support (Dkt. 14), Defendants' memorandum in opposition (Dkt. 16), the administrative record (Dkt. 11), and Plaintiff's and Defendants' oral argument, the Court hereby upholds the decision of the hearing officer for the reasons stated herein.

Plaintiff requests that this Court overturn the decision of the hearing officer because it was

    (4)    affected by error of law,
    (5)    clearly erroneous in view of the entire record submitted and by public policy contained in the act of the legislature authorizing the decision or order, and
    (6)    arbitrary.

ORDER – 1

RCW. 28A.405.340. In furtherance of this position, Plaintiff has specifically challenged the following findings of the hearing officer:

> 21.   Given the information the District had recieved, the District was justifiably concerned about Ms. Capo's relationship with L.B. and it was reasonable for the District to place Ms. Capo on administrative leave on January 4, 2007 to investigate that relationship. Ms. Capo was given oral and written directives on that day to remain away from L.B. among others.
>
> * * *
>
> 23.   The District's stay-away orders concerning L.B. were made in good faith and it was reasonable pending this hearing which was held on October 23-25, 2007. Even though the investigation was basically concluded by Aug. 3, the stay-away order was not eliminated. Given that L.B. was likely to be a witness to the case, it was reasonable that the orders continue. In fact, Ms. Capo acknowledges that she showed the probable cause letter to L.B. who researched the cited cases and formed opinions about the District's case.
>
> 24.   The stay away directives were lawful. Ms. Capo as an employee of the District was therefore required to obey those directives.
>
> * * *
>
> 26.   Despite her efforts to help L.B. and the apparent benefit, I find that Ms. Capo's decision to disregard the stay-away orders constitutes serious insubordination and justifies the District terminating her employment. Ms. Capo made the decision with full knowledge of the consequences as she testified in this hearing "as a matter of conscience." In the May 24, 2007 interview with Dr. Cohn, Ms. Capo said ". . . I right off the bat when I met him determined I would show him steadfastness, because I could hear how person after person in his family betrayed him."
>
> * * *
>
> 29.   . . . The testimony of Mr. Kahn was admissible to show the reasonableness of the District's actions in placing Ms. Capo on administrative leave and in issuing and continuing its stay away order in regard to L.B. However, the court finds the testimony inadmissible for purposes of determining whether Ms. Capo has committed misconduct in charges two and three. *State v. Braham,* 67 Wn. App. 930, 937-38, 841 P.2d 785 (1992) (use of general expert testimony concerning grooming evidence impermissibly implied defendant's guilt and was generally without value.) Although this is not a criminal case, and not a jury trial *State v. Braham* should apply here as well.
>
> * * *
>
> 30.   Ms. Capo argues that the term "boundary invasion" is unconstitutionally vague. In view of the foregoing finding, this issue need not be addressed.

ORDER – 2

1  The Court must review the hearing officer's findings of fact to determine whether there is
2  substantial evidence in the record to support the finding. *Hegwine v. Longview Fibre Co.*,
3  162 Wn.2d 340, 352-3 (2007). Conclusions of law are reviewed *de novo* and must be
4  justified by the findings of fact. *Id.* Plaintiff's challenge presents six issues that will each
5  be decided by this Court.

6  **A.  Are the hearing officer's Findings of Fact 21, 23, 24, 26 and 29 either**
        **conclusions of law or mixed questions of fact and law that should be reviewed**
7       ***de novo*? In the alternative, if they are findings of fact, based on the disputed**
        **findings and the substantial evidence in the record, are they clearly**
8       **erroneous?**

9  Making a distinction between a question of fact and a question of law can often be
10 a difficult task to which no clear test has been outlined. *See Pullman-Standard v. Swint,*
11 456 U.S. 273, 288 (1982). Laws are governing principles that judges or juries apply to
12 the facts in order to determine the relevance and significance of those facts and these
13 principles may be described quite particularly or they may simply refer to a general
14 standard such as reasonableness. Federal Standards of Review - Review of District Court
15 Decisions and Agency Actions, FEDSTANDRV 1.C, Thompson Reuters/West. 2008.
16 Facts, on the other hand, are proven from the evidence in the record and are derived
17 therefrom through the application of logic and human experience. *Id***.** Mixed questions of
18 law and fact require the application of an abstractly defined legal standard that serves as a
19 general rule for considering judgment of the facts. *Id***.**

20 While Plaintiff raises the issue of several findings of fact being either conclusions
21 of law or mixed questions to which a *de novo* standard should apply, Plaintiff only argues
22 in her briefing that Findings of Fact 24 and 26 fit into this category. While the Court is
23 receptive to this argument, even applying a *de novo* standard to the above findings will
24 not reach a different result. The Court agrees with the findings of the hearing officer, and
25 the findings are supported by the record and should be upheld.

26 Specifically the Court will address the Findings of Fact 21, 23, and 24. Finding of
27 Fact 21, while a applying a legal standard of reasonableness, is justified from the record.
28

ORDER – 3

The record indicates that Defendants were aware that Ms. Capo had been untruthful when she claimed to have missed work because of illness in order to attend a probation hearing of L.B.; Ms. Capo had on several occasions transported L.B. to and from school; and Ms. Capo had vigorously advocated that L.B. be assigned to her classroom during her planning period. Finally and significantly, the Port Angeles Superintendent, Dr. Gary Cohn, testified that he had received complaints from family members. While each of these factors alone may not have justified the district's decision to conduct an investigation and issue a stay-away order, the totality of the information resulted in a reasonable decision.

Given the Court's analysis of Finding of Fact 21, Finding of Fact 23 is supported by an even greater degree of evidence. Further investigation revealed instances where Ms. Capo had stayed the night with L.B. either at his brother's, his greatgrandmother's, or Ms. Capo's residence.  While there is no evidence to support the existence of an improper relationship between L.B. and Ms. Capo, Defendants were justified in investigating the situation and re-issuing a stay-away order to Ms. Capo.  Maintaining the stay-away order even after the investigation was completed was also reasonable given that L.B. would be a witness in upcoming proceedings.

Based on the above analysis, Finding of Fact 24 should also be upheld.  The stay-away order was reasonable based on the record before the Court and Ms. Capo was required to comply with the order as an employee of the school district.

**B.  Did the hearing officer err as a matter of law by concluding that "Ms. Capo's actions in resuming frequent contact with L.B. while under a reasonable stay away order constitute serious, substantial, ongoing insubordination which is not remediable"?**

After reviewing the record, the Court upholds the conclusion of the hearing officer. Ms. Capo violated the stay-away order repeatedly, knowingly and voluntarily after that directive was given several times.  Her disregard for the district's clear directives did

ORDER – 4

constitute serious, substantial, ongoing insubordination which was not remediable. The hearing officer did not err as a matter of law.

**C. Did the hearing officer err as a matter of law by refusing to apply the *Hoagland* factors in determining whether the School District had sufficient cause to terminate Mr. Capo for insubordination?**

The hearing officer determined that because Ms. Capo was insubordinate, there was probable cause to terminate her employment. This insubordination was related to Ms. Capo's performance of her duties as a teacher. The *Hoagland* factors must be applied when the cause for termination of a teacher is the performance of activities that are unrelated to her duties as a teacher. *Simmons v. Vancouver School Dist. No. 37*, 41 Wn. App. 365, 379 (1985). Under the circumstances present in the instant matter, the hearing officer did not err as a matter of law by declining to apply the *Hoagland* factors.

**D. Did the hearing officer err as a matter of law by concluding that the School District had sufficient cause to terminate Ms. Capo in light of the totality of the evidence?**

In light of the totality of the evidence, Ms. Capo's insubordination was severe enough to provide sufficient basis for her termination. The hearing officer did not err as a matter of law when determining that the School District had sufficient cause.

**E. Did the School District fail to prove by a preponderance of the evidence that Ms. Capo's decision to tutor an at-risk student who had come to rely on her for educational and emotional support (1) materially and substantially affected her performance, or (2) lacked any positive educational aspect or legitimate professional purpose?**

As stated above, Ms. Capo's termination was a result of her insubordination in disregarding a clear stay-away directive from the school district. This insubordination did materially and substantially affect her performance as a teacher. Ms. Capo understood the stay-away directive and knowingly and repeatedly chose to disregard it. While her motives and intentions may have been noble, this was not a decision for her to make, and by disregarding the district's order she placed her own judgment and authority above that of her employer's. This type of insubordination does materially and substantially affect performance, and Defendants have met their burden.

**F.     Did the judge misapply the party statement exception to the hearsay rule by admitting Exhibits 10A and 13, the transcripts of conversations with Ms. Capo by attorney Kaiser and Superintendent Cohn, respectively?**

Plaintiff admits that the admission of this evidence was harmless and that it does not affect her case. Dkt. 16.  Therefore, if any error occurred in admitting this evidence it was harmless error and the Court declines to reverse the decision of the hearing officer with respect to the admission of this evidence.

## ORDER

It is therefore **ORDERED** that the decision of the hearing officer is upheld as it is supported by the evidence in the record and is not affected by error of law, clearly erroneous, or arbitrary**.**

DATED this 8th day of May, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 6